# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,       )
                          )
                          )
       v.                 )        Cr. A. No. 14070022138
                          )
DANIEL SLANEY,         )
                          )
       Defendant.     )
                          )

Submitted: December 23, 2015
Decided: January 20, 2016

William H. Leonard, Esquire
Deputy Attorney General
Department of Justice
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for Plaintiff*

Joe Hurley, Esquire
1215 King Street
Wilmington, DE 19801
*Attorney for Defendant*

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANT'S MOTION TO REARGUE

On July 27, 2014, Daniel Slaney ("Defendant") was arrested and charged with Driving Under the Influence of Alcohol, in violation of 21 *Del. C.* § 4177, and other related traffic offenses. On December 9, 2014, Defendant moved to suppress evidence obtained as a result of his arrest. The Court heard the motion on December 1, 2015 and found that the arresting officer had probable cause to arrest Defendant for driving under the influence of alcohol ("DUI"). As a result, the Court denied Defendant's motion. On December 7, 2015, Defendant timely noticed the present Motion to Reargue (the "Motion"), and moved for reconsideration by the Court. The

State filed a response on December 23, 2015. This is the Court's final decision and order on the Motion.

## FACTS

At the suppression hearing, the State presented Corporal Troy Frey ("Corporal Frey") and Corporal Matthew Calio ("Corporal Calio") as witnesses. Corporal Frey testified that, on July 27, 2014, at approximately 12:04 a.m., he was located at the intersection of Rt. 896 and Glasgow Avenue when he saw Defendant driving a silver pickup truck, revving the engine loudly and accelerating quickly, traveling southbound on Rt. 40. Defendant drove past Corporal Frey, and began tailgating another vehicle. At that point, Corporal Frey began to pursue Defendant. Corporal Frey observed Defendant swerving back and forth behind the car Defendant was tailgating. Defendant then turned into a neighborhood, and Corporal Frey activated his emergency equipment. Although Defendant slowed down while driving over speed bumps in the neighborhood, he did not stop. Corporal Frey drove next to Defendant, rolled down his window, and yelled at Defendant to pull over. At that point, Defendant pulled over.

When Corporal Frey made initial contact with Defendant, he observed that Defendant had a dazed look on his face, and the odor of alcohol on his breath. Corporal Frey testified that Defendant claimed that he was 'goofing' around, but admitted that he should not have been driving in that manner. At Corporal Frey's request, Defendant turned off the vehicle, and handed him the keys. Corporal Frey then called the dispatcher and informed Corporal Calio of the stop.

Following Corporal Frey's testimony, the State presented Corporal Calio as its next witness. Corporal Calio also saw Defendant traveling on Rt. 40, however, at the time, he was finishing up another investigation. After that investigation concluded, he met with Corporal Frey and continued the investigation of Defendant. Corporal Calio testified that upon his initial

2

contact with Defendant, he smelled a moderate odor of alcohol on Defendant's breath, and observed Defendant's eyes to be glassy. Defendant apologized for his driving and acknowledged that he had been driving about five feet behind the other vehicle. He, however, claimed that he was joking around since he knew the other driver. Corporal Calio asked for the keys to Defendant's truck, but Defendant could not locate them because he had already given them to Corporal Frey. Defendant also admitted to drinking three beers prior to driving.

Corporal Calio continued his investigation and administered three National Highway Traffic Safety Administration ("NHTSA") field sobriety tests: the horizontal gaze nystagmus ("HGN") test; the walk-and-turn test, and; the one-leg stand test.[1] Corporal Calio also administered a portable breathalyzer test, which showed that Defendant's blood alcohol content was over the legal limit. At the hearing, Defendant challenged Corporal Calio's administration of the field sobriety tests, arguing that he failed to follow NHTSA guidelines.

In giving its ruling, the Court focused on the testimony of Corporal Calio because he was the officer who engaged with Defendant the most and made the arrest. On cross-examination, Corporal Calio acknowledged that he did not conduct the HGN test in compliance with NHTSA standards, and as a result, the Court suppressed evidence of the HGN test. The Court found that Corporal Calio complied with the NHTSA standards in conducting the walk-and-turn and one-leg stand tests, and relied on the evidence from those tests. Ultimately, the Court found that Corporate Calio had probable cause to arrest Defendant under the totality of the circumstances.

**STANDARD OF REVIEW**

The Court of Common Pleas Criminal Rules do not specifically address motions for reargument, however, pursuant to CCP Criminal Rule 57(b), "[i]f no procedure is specifically

---

[1] The State presented evidence establishing that Corporal Calio was trained and certified to conduct all three tests. State Exs. 1 and 2.

prescribed by Rule, the Court may proceed in any lawful manner not inconsistent with these Rules or with any applicable statute." Thus, when presented with a motion to reargue in the criminal context, this Court relies on the authority of Court of Common Pleas Civil Rule 59(e), which governs motions for reargument in civil matters.[2]

Under Court of Common Pleas Civil Rule 59(e), "[a] motion for reargument is the proper device for seeking reconsideration by the [ ] Court of its findings of fact, conclusions or law[,] or judgment."[3] A motion for reargument, however, does not entitle the moving party to merely reiterate arguments that were previously presented to the Court,[4] nor does it provide the moving party with an opportunity to present new arguments not raised in the original proceeding.[5] The Court will deny the motion to reargue unless the moving party shows that the Court either has overlooked a controlling precedent or legal principle, or has misapprehended the law or facts in a manner that would change the outcome of its decision had it been correctly or fully informed.[6] A party seeking reargument "must demonstrate newly discovered evidence, a change in the law[,] or manifest injustice."[7]

## DISCUSSION

In his Motion, Defendant asserts a number of reasons why he should be entitled to reargument. Many of these assertions, however, are arguments previously presented to and denied by the Court. First, Defendant rehashes his argument that Corporal Calio failed to inquire about Defendant's understanding of the walk-and-turn test. At the suppression hearing, the Court addressed this argument and found Corporal Calio's inquiry of the Defendant about

---

[2] *See Parisan v. Cohan*, 2012 WL 1066506, at *1 (Del. Com. Pl. Mar. 29, 2012); *see also State v. Munzer*, 2009 WL 206088, at *1 (Del. Com. Pl. Jan. 9, 2009).
[3] *Parisan*, 2012 WL 1066506, at *1 (quoting *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969)).
[4] *Tektree, LLC v. Borla Performance Indus., Inc.*, 2013 WL 5508761, at *1 (Del. Com. Pl. Oct. 2, 2013) (citing *Strong v. Wells Fargo Bank*, 2013 WL 1228028, at *1 (Del. Super. Jam. 3, 2013)).
[5] *Umphenour v. O'Connor*, 2011 WL 2671916, at *1 (Del. Com. Pl. July 1, 2011).
[6] *Parisan*, 2012 WL 1066506, at *1 (citing *Beatty v. Smedley*, 2003 WL 23353497 (Del. Super. Mar. 12, 2003)).
[7] *Id.*

4

whether he had any questions about the walk-and-turn test to be sufficient given the totality of the circumstances. The Court noted that, Defendant had previously asked Corporal Calio questions during the stop. Thus, Defendant's affirmative statement that he did not have any questions about the walk-and-turn test demonstrated that he understood what was required of him to perform the test. Therefore, Defendant's argument on this point fails.

Second, in his Motion, Defendant presents his previously raised argument that his performance on the field sobriety tests was insufficient to support a finding of probable cause. Specifically, Defendant argues that, because Corporal Calio told Defendant that his performance on the field sobriety tests was 'borderline' at the time he administered the tests, "it seems, on its face, incongruent for the [C]ourt to decide that the defendant has failed [the sobriety tests]."[8] The Court, however, places little weight on Corporal Calio's 'borderline' comment to Defendant because Corporal Calio found that Defendant was impaired based on Defendant's performance. Corporal Calio testified that during the walk-and-turn test, Defendant showed two out of the eight possible clues. Corporal Calio also testified that during the one-leg stand tests, Defendant showed three out of the four possible clues. Based on Corporal Calio's testimony, the Court found that Defendant's performance on the field tests was poor.[9] Thus, coupled with the other indicators observed by the officers, a finding of probable cause was warranted. Hence, Corporal Calio's description of Defendant's performance on the field sobriety tests as 'borderline' does not preclude the State from being able to rely on the field sobriety tests to establish probable cause.

---

[8] Deft. Mot. to Reargue, ¶ 6.
[9] According to NHTSA's guidelines, two or more clues on the walk-and-turn test suggests a 68% probability that the defendant has a BAC of 0.10 or higher. In addition, two or more clues on the one-leg stand test suggests a 65% probability that the defendant has a BAC of 0.10 or higher.

5

"Probable cause exists where the facts and circumstances within the police officer's knowledge, and of which the police officer had reasonably trustworthy information, are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been or is being committed."[10] In establishing probable cause, a police officer must be able to show that under the totality of the circumstances, there is a fair probability that criminal activity is occurring or has occurred.[11] While certain factors alone might not establish probable cause, in considering the totality of the circumstances, multiple factors, when coupled together, may establish probable cause.[12] Thus, the State was able to establish its burden of probable cause based on Defendant's performance on the field sobriety tests in addition to the other evidence it presented—i.e. Corporal Calio's observations of moderate odor of alcohol, admission to drinking three beers prior to driving, glassy eyes, Corporal Frey's observations of Defendant swerving and speeding while driving, and the result of the PBT test. Thus, Defendant's argument on this point also fails.

Third, Defendant rehashes his argument that the Court improperly considered the results of the walk-and-turn and one-leg stand field sobriety tests, because Corporal Calio failed to administer the field tests in compliance with NHTSA. In making this argument, Defendant claims that the Court overlooked the controlling precedent of *State v. Ministero*[13] and *Powers v. State*.[14] Defendant claims that Corporal Calio should not have administered the tests after Defendant informed him of a previous knee injury. The Court addressed this argument at the suppression hearing. The Court acknowledged that under *Ministero*, it can disregard the results of a field test when an investigating officer administered the test knowing that the defendant had

---

[10] *Bease v. State*, 884 A.2d 495, 498 (Del. 2005).
[11] *Miller v. State*, 4 A.3d 371, 373 (Del. 2010).
[12] *State v. Breza*, 2011 WL 6946980 at *5 (Del. Com. Pl. Dec. 20, 2011).
[13] 2006 WL 844201 (Del. Super. May 30, 2006).
[14] 1999 WL 1847353 (Del. Com. Pl. Jun. 17, 1999).

been injured. The injury, however, must present some physical disability that would prevent the defendant from being able to appropriately perform the physical field tests.[15] Based on the uncontroverted evidence in the record, the Court found that Defendant's previous injury did not constitute a disability that would affect his ability to perform the field tests. Although Defendant specified that he had a prior knee injury, his responses to Corporal Calio's follow-up inquiry on his ability to perform the tests all indicated that Defendant would be able to perform the test appropriately.[16] In fact, Corporal Calio asked Defendant whether he was "okay" both before and after administering the walk-and-turn test, and Defendant stated that he was fine. Moreover, during the one-leg stand test, Corporal Calio asked Defendant if he wished to use his leg that had not been previously injured, and Defendant declined, opting to use the leg with his previous injury. Hence, the Court did not overlook the controlling precedent of *Ministero* and *Powers*; instead, the Court found that Defendant's previous injury did not constitute a disability that would hinder him from being able to perform the field tests. Therefore, Defendant's argument— which was previously presented to the Court—that the Court improperly considered the results of the walk-and-turn and one-leg stand field sobriety tests fails.

Finally, Defendant argues that the Court erred in failing to specifically address certain evidence produced by Defendant. That is inaccurate. The Court considered all of the evidence presented and based its decision on the totality of the record before it. Although the Court did not specifically list all of the evidence that the parties presented, the Court summarized the evidence pertinent to the finding of probable cause. Indeed, the Court noted Defendant's admission to drinking alcohol prior to driving, his poor performance on the one-leg stand and walk-and-turn tests, and the result on the PBT test as its basis for denying Defendant's motion to

---

[15] *Ministero*, 2006 WL 844201, at *4; *Powers*, 1999 WL 1847353, at *2 n. 2.
[16] Specifically, Corporal Calio asked Defendant how his knee injury currently affected him, whether he was in therapy and whether he would still be able to perform the test.

7

suppress. Under the totality of circumstances—which encompasses all of the facts and evidence presented—the Court found that Corporal Calio had probable cause to arrest Defendant for DUI.[17] Therefore, Defendant's argument on this point fails.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Reargue is **DENIED** and the matter will be scheduled for trial.

**IT IS SO ORDERED this 20th day of January, 2016.**

Sheldon K. Rennie,
Judge

---

[17] The Court notes that while it did not address all of the evidence presented by Defendant, it also did not address all of the evidence presented by the State. Defendant claims that the Court should have addressed Defendant's openness, honesty, cooperation and demeanor; awareness of his actions and explanation of 'goofing off;' normalcy in exiting his vehicle; unaffected speech, and; balance and posture. Even if the Court did address those facts specifically in its ruling, the Court's finding of probable cause would not have changed. The State presented evidence of Defendant's speeding and swerving while driving, as well as his initial reluctance to stop his vehicle while Corporal Frey's emergency equipment was activated. The State also presented evidence that Defendant exhibited a moderate odor of alcohol on his breath, glassy eyes, and a dazed look on his face. This evidence, coupled with the evidence that the Court highlighted in its ruling, properly supports a finding of probable cause.