# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| v. | ) | ID No. 1506019461 |
| | ) | |
| | ) | |
| THOMAS GROVES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

February 17, 2016

On Defendant Thomas Grove's Motion to Suppress. **DENIED**.

## <u>ORDER</u>

Marc C. Petrucci, Esquire, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Attorney for the State of Delaware.

Ross C. Karsnitz, Esquire, Assistant Public Defender, Public Defender's Office, Wilmington, Delaware.  Attorney for the Defendant.

**Scott, J.**

## Introduction

Before the Court is Defendant Thomas Groves' ("Defendant") Motion to Suppress, brought by counsel. Defendant argues that evidence resulting from the blood draw should be suppressed because the warrant for the blood draw was not supported by probable cause. The Court has reviewed the parties' submissions and held a suppression hearing. For the following reasons, Defendant's Motion to Suppress is **DENIED.**

## Findings of Fact

On July 24, 2015 at approximately 12:30 a.m., Corporal Michael Gruszecki of the Newark Police Department observed a dark colored sedan make an illegal turn on red from northbound New London on to eastbound Cleveland Street, where a visible "No Turn On Red" sign was posted. Cpl. Gruszecki began following the vehicle and observed that as it passed through the intersection of West Cleveland and North College, the vehicle was half in the left turn lane and half in the straight lane of travel. Cpl. Gruszecki then initiated a traffic stop. The vehicle stopped without incident.

Defendant Thomas Groves was driving, and several passengers were in the vehicle. Cpl. Gruszecki detected the odor of an alcoholic beverage coming from within the vehicle, and a noticed a slight slur in Defendant's speech. Defendant

2

told Cpl. Gruszecki that he was coming from the Deer Park Tavern.[1] To ascertain the source of the alcohol odor, Defendant was removed from the vehicle. Once out of the vehicle and discussing the vehicle paperwork with Defendant, Cpl. Gruszecki observed the odor of alcohol coming from Defendant's breath, and his eyes were very blood shot. Moreover, Defendant admitted to consuming wine that night.

Cpl. Gruszecki correctly administered the standardized field sobriety tests: the Horizontal Gaze Nystagmus ("HGN"); Walk and Turn; and One Leg Stand. Despite Cpl. Gruszecki not giving the instruction for the HGN word-for-word from the manual, Defendant nevertheless performed the test correctly because his head remained still. Thus, the test was administered correctly, and the results of the HGN were not invalidated. Defendant failed the HGN and Walk and Turn tests, but passed the One Leg Stand test. Defendant refused to submit to a Portable Breath Test. Cpl. Gruszecki then arrested Defendant for suspicion of D.U.I. to bring him back to the station for further questioning. At the station, Defendant's blood was drawn pursuant to a warrant.

## Parties' Contentions

Defendant argues that evidence of blood test should be suppressed as blood was taken in violation of 4th Amendment to U.S. Const and Art. I, Sect. 6 Delaware

---

[1] A bar in Newark, Delaware.

Const. because it was taken pursuant to a warrant that was not supported by probable cause. Defendant also argues that the alleged results of the standardized field sobriety tests were unreliable, and must therefore be excluded from consideration in determining probable cause. Moreover, Defendant argues, without the alleged results of the field sobriety tests, there is insufficient probable cause to support a warrant for the blood draw. Thus, Defendant argues, the warrant for the blood draw is not supported by probable cause and the evidence resulting from Defendant's search and seizure must be suppressed.

The State argues that the evidence should not be suppressed because, even excluding the results of the field sobriety tests, because there is still sufficient probable cause to support a warrant for the blood draw.

## Discussion

An individual's right to be free from unreasonable governmental searches and seizures is secured by the Fourth Amendment of the United States Constitution.[2] The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures...."[3]

"Under the Fourth Amendment, a traffic stop is reasonable if it is supported by reasonable suspicion or probable cause to believe that a traffic violation has

---

[2] *See Terry v. Ohio,* 392 U.S. 1, 8 (1968); *Quarles v. State,* 696 A.2d 1334, 1336 (Del. 1997).
[3] U.S. Const. Amend. IV.

4

occurred."[4] Even if it is later determined that there was in fact no violation, an officer's mistake as to an objective fact at the time of the stop may still be properly considered in determining whether the officer had reasonable suspicion.[5] Moreover, the scope and duration of the detention must be reasonably related to the initial justification for the traffic stop.[6]

In this case, there was reasonable suspicion for the stop based on the two traffic violations that the officers observed Defendant make. Once stopped, Defendant was removed from the vehicle and voluntarily submitted to field sobriety tests. There was reasonable suspicion for extending the duration of the stop and removing Defendant from the vehicle for the field sobriety tests based on the following facts: a traffic violation for driving between two lanes of traffic; slight slurred speech; very blood shot eyes; the smell of alcohol on Defendant's breath; Defendant admitted to consuming wine that night; and Defendant refused to take the portable breathalyzer test.

Furthermore, the Court finds that even excluding the results of the field sobriety tests, there is still sufficient probable cause to support the warrant for the blood draw. When a person operates a motor vehicle in Delaware, he or she is deemed by statute to have given consent to chemical tests, including a test of the

---

[4] *State v. Rickards*, 2 A.3d 147, 151 (Del. Super. 2010), *aff'd* 30 A.3d 782 (Del. 2011) (citations omitted).
[5] *King v. State*, 984 A.2d 407 (TABLE), 2006 WL 453210 (Del. Feb. 22, 2006).
[6] *Caldwell v. State,* 780 A.2d 1037, 1046 (Del. 2001).

5

breath to determine the presence of alcohol or drugs.[7] This testing may be required of a person when a police officer has probable cause to believe that the person was driving while under the influence of alcohol or drugs.[8] Probable cause is determined by the totality of the circumstances and requires a showing of a probability that criminal activity is occurring or has occurred.[9] Probable cause exists where the facts and circumstances within the police officer's knowledge, and of which the police officer had reasonably trustworthy information, are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been or is being committed.[10]

In this case, under totality of the circumstances test, even excluding the results from the field sobriety tests, there was sufficient probable cause to support the warrant for the blood draw.[11] As stated above, the facts supporting probable cause for the blood draw are: a traffic violation for driving between two lanes of traffic; slight slurred speech; very blood shot eyes; the smell of alcohol on

---

[7] Del.Code Ann. tit. 21, § 2740(a) (2005).

[8] Del.Code Ann. tit. 21, § 2740(b) (2005); Del.Code Ann. tit. 21, § 4177(a)(1) (2005). The testing of the breath for the presence of alcohol or drugs has been recognized as a search and, therefore, subject to Fourth Amendment requirements and protections. *Schmerber v. California,* 384 U.S. 757 (1966).

[9] *State v. Maxwell,* 624 A.2d 926, 928 (Del.1993).

[10] *Bease v. State*, 884 A.2d 495, 498 (Del. 2005).

[11] *See Bease v. State*, 884 A.2d 495 (Del. 2005); Perrera v. State, 2004 WL 1535815 (Del. 2004); *Higgins v. Shahan*, 1995 WL 108699 (Del. Super. Ct. Jan. 18, 1995); *State v. Maxwell*, 624 A.2d 926 (Del. 1993).

Defendant's breath; Defendant admitted to consuming wine that night; and Defendant refused to take the portable breathalyzer test.

In *Bease v. State*,[12] the Delaware Supreme Court held there was sufficient probable cause to administer the intoxilyxer test, based on: the traffic violation, the odor of alcohol emanating from the defendant's breath; the defendant's rapid speech; the defendant's apparent bloodshot and glassy eyes; and the defendant had admitted to consuming chardonnay or beer the night before. Similarly, in *Higgins v. Shahan*,[13] an accident combined with the defendant's bloodshot and glassy eyes, the odor of alcohol emanating from the defendant, his admission of consuming alcoholic beverages and refusal to perform field tests were found to establish probable cause.

Moreover, in *Perrera v. State*,[14] the Delaware Supreme Court affirmed a finding of probable cause where a police officer stopped the defendant for a traffic violation, and observed that: she had bloodshot and glassy eyes; she smelled of alcohol; admitted to drinking two beers; beer cans were visible on the floor of her car; she failed the alphabet and counting field sobriety tests; and, she failed the portable breathalyzer tests. Finally, in *State v. Maxwell*,[15] probable cause to administer the blood test was present, based on: the evidence showing an

---

[12] 884 A.2d 495.
[13] 1995 WL 108699.
[14] 2004 WL 1535815.
[15] 624 A.2d 926.

admission of prior drinking; the presence of an odor of alcohol; beer cans in and near the overturned vehicle; the police officer's observation that the defendant's eyes were "a little glassy;" and, that he appeared dazed to one witness.

The Courts finds the facts in this case substantially similar to those in the abovementioned cases. Accordingly, the Court finds sufficient probable cause, under the totality of the circumstances, to support a warrant for the blood draw.

## Conclusion

For the reasons discussed above, Defendant's Motion to Suppress, is hereby **DENIED.**


**IT IS SO ORDERED.**

*/s/Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**