IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

STATE OF DELAWARE          :
                               :      I.D. NO. 1605014763

v.                            :
                               :

ZOLANDO V. BENNEFIELD   :
                               :

Defendant              :

## Order

*Upon Defendant's Motion to Suppress. Denied.*

**AND NOW TO WIT,** this 30th day of September, 2016, upon consideration of Defendant's Motion to Suppress, **IT APPEARS THAT:**

1. On September 8, 2016, Defendant filed a Motion to Suppress, claiming that there was insufficient probable cause to issue a search warrant to obtain a blood sample used to determine his blood alcohol concentration. The Court finds that there was probable cause for the search warrant. Defendant's Motion to Suppress is **DENIED.**

2. On May 20, 2016, Defendant was involved in a one car collision in Blades, Delaware. Three people were in the car at the time of the accident; however, no mention was made of the other occupants in the affidavit for the search warrant. There were no witnesses to the accident. Trooper Bonniwell arrived at the scene shortly after the accident occurred. He found Defendant "standing outside of the vehicle walking around." When asked about the circumstances of the accident, Defendant "stated that there was something in the road and they swerved to miss it and flipped the vehicle." According to Trooper Bonniwell, there was no evidence of an animal in the area and the damage to the vehicle was not consistent with hitting an animal. Trooper Bonniwell also noted that that Defendant smelled of alcohol, his eyes were

1

bloodshot, and he was overly aggressive toward the police. Further, Defendant failed the horizontal gaze nystagmus ("HGN") test and refused to take a portable breath test ("PBT"). Several alcoholic drinks were also found in the vehicle.

3. Trooper Bonniwell obtained a search warrant authorizing a blood draw from Defendant to test his blood alcohol content. In his Motion to Suppress, Defendant concedes that there was probable cause to believe he was intoxicated, but argues that there was not probable cause to believe he was the person operating the vehicle. In order to violate 21 *Del. C.* § 4177, the person must have been under the influence of drugs or alcohol while in actual physical control of the vehicle.[1] This Court finds that there was sufficient probable cause for both findings.

4. The standard the magistrate must follow when issuing a search warrant is outlined in *Rybicki v. State*:

> A court reviewing the magistrate's determination has the duty of ensuring that the magistrate had a substantial basis for concluding that probable cause existed. A magistrate's determination of probable cause should be paid great deference by reviewing courts' and should not, therefore, take the form of de novo review. Notwithstanding this deference, the reviewing court must determine whether the

---

[1] In 21 *Del. C.* §4177, it is provided in pertinent part as follows:

(a) No person shall drive a vehicle:

(1) When the person is under the influence of alcohol;

(2) When the person is under the influence of any drug;

(3) When the person is under the influence of a combination of alcohol and any drug;

(4) When the person's alcohol concentration is .08 or more; or

(5) When the person's alcohol concentration is, within 4 hours after the time of driving .08 or more. Notwithstanding any other provision of the law to the contrary, a person is guilty under this subsection, without regard to the person's alcohol concentration at the time of driving, if the person's alcohol concentration is, without 4 hours after the time of driving .08 or more and that alcohol concentration is the result of an amount of alcohol present in, or consumed by the person when that person was driving.

* * *

(c) For purposes of subchapter III of Chapter 27 of this title, this section and § 4177B of this title, the following definitions shall apply:

* * *

(5) "Drive" shall include driving, operating, or having actual physical control of a vehicle.

* * *

(11) "While under the influence" shall mean that the person is, because of alcohol or drugs or a combination of both, less able than the person would ordinarily have been, either mentally or physically, to exercise clear judgment, sufficient, physical control, or due care in the driving of a vehicle.

2

magistrate's decision reflects a proper analysis of the totality of the circumstances.

Before issuing a warrant, a magistrate must find that probable cause exists that evidence of a crime will be found in the place to be searched. The magistrate may only consider the information contained within the four corners of the affidavit. A neutral and detached magistrate may draw reasonable inferences from the factual allegations in the affidavit. For an affidavit to be sufficient, it must set forth facts permitting an impartial judicial officer to reasonably conclude that the items sought would be found at the location. The officer is only required to present facts which suggest, when those facts are viewed under the totality of the circumstances, that there is a fair probability that the defendant has committed a crime. The affidavit need not rule out potentially innocent explanations for a fact. Probable cause may be found so long as the facts presented in the affidavit are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been or is being committed.[2]

5. Within the four corners of the affidavit, there are ample facts to show that Defendant was intoxicated. Defendant smelled of alcohol, his eyes were bloodshot, and he was acting aggressively. He also failed the HGN test and refused to take the PBT.[3] Moreover, several alcoholic drinks were found in the vehicle. Lastly, Trooper Bonniwell did not notice any animals near the scene of the accident and the damage to the vehicle was not consistent with striking an animal. Taking these facts together, a person of reasonable caution could certainly conclude that Defendant was too intoxicated to be lawfully operating a vehicle.[4]

---

[2] *Rybicki v. State,* 119 A.3d 663, 668-69 (Del. 2015) (citation omitted)(internal quotations omitted).

[3] *See id.* (stating that a refusal to take a field sobriety test is indicative of intoxication).

[4] Many courts have held that a driving violation combined with only the scent of alcohol on the person is insufficient for a probable cause finding, but that the addition of other factors, such as bloodshot eyes or slurred speech, can elevate the circumstances to justify probable cause. *Id.* ("We have previously stated that "a traffic violation combined with the odor of alcohol, standing alone, does not constitute probable cause to arrest a driver for a DUI offense. Yet, when 'rapid speech, admission to drinking, bloodshot and glassy eyes, and a failed alphabet test' are added to a traffic violation and odor of alcohol, the probable cause standard has been satisfied."). *See also Bease v. State,* 884 A.2d 495, 498-99 (Del. 2005) (holding that a traffic violation, the smell of alcohol on the defendant's breath, his rapid speech, his bloodshot and glassy eyes, and his admission to drinking alcohol the night before were sufficient to find probable cause); *State v. Maxwell,* 624 A.2d 926, 930 (Del. 1993) (holding that the occurrence of a one car collision, witness statements that the defendant told them he had been drinking and that he seems dazed, the presence of empty and full beer cans in the vehicle, and the strong smell of alcohol in the vehicle were sufficient to establish probable cause); *Price v. Voshell,* 1991 WL 89866, at *3 (Del. Super. Ct. May 10, 1991) (holding that there was probable cause for a search warrant when there was a strong odor of alcohol on the defendant's breath, watery and bloodshot eyes, mumbled speech, an admission of alcohol consumption, and PBT results); *Glass v. State,* 1988 WL 61582, at *1 (Del. Super. Ct. June 13, 1988) (holding that a single vehicle accident, the odor of alcohol on the defendant's breath, and the defendant's confused and disoriented state justified a finding of probable cause).

3

6.      The question then becomes whether Trooper Bonniwell had probable cause to suspect that Defendant had been driving the vehicle.  Upon arriving to the scene, Trooper Bonniwell found Defendant walking around the vicinity of the vehicle.  Defendant also made the statement that there had been an animal in the road, causing the car to swerve and flip over.  His close proximity to the vehicle as well as his explanation for the cause of the accident can lead to the reasonable conclusion that Defendant was driving at the time of the accident.  The affidavit does not need to rule out possible innocent explanations for the suspected behavior.[5]  Therefore, it is of no consequence that the affidavit at issue here did not mention the other two occupants of the vehicle or address whether one of them may have been driving.  When examining the totality of the circumstances, and the rational inferences that can be drawn therefrom, it is clear that the facts establish an adequate basis for a person of reasonable caution to conclude that Defendant was driving under the influence.

**NOW, THEREFORE,** this 30th day of September, 2016, Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED.**

Richard F. Stokes, Judge

Cc:  Prothonotary
     John F. Kirk, IV, Esq.
     Jerome M. Capone, Esq.

---

[5] *Maxwell*, 624 A.2d at 930 (citing *Jarvis v. State*, 600 A.2d 38, 41 (Del. 1991).

4