# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,  )
  )
Plaintiff,  )
  )
v.  )  Case No.: 1801011067
  )
ADAM C. LECATES,  )
  )
Defendant.  )

Submitted: July 9, 2018
Decided: August 22, 2018

Julie Mayer, Esquire
Delaware Department of Justice
Carvel State Building, 7th Floor
820 N. French Street
Wilmington, DE 19801
*Attorney for the State of Delaware*

Andrew G. Ahern III, Esquire
1701 N. Market Street
P.O. Box 248
Wilmington, DE 19899
*Attorney for Defendant*

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANT'S MOTION TO SUPRESS

**SMALLS, C.J.**

## FACTUAL AND PROCEDURAL HISTORY

On January 20, 2018, Defendant Adam C. Lecates ("Defendant") was arrested for the offenses of Driving While Under the Influence of Alcohol (DUI), in violation of 21 *Del C.* §4177; Failure to Signal, in violation of 21 *Del. C.* §4155(b); and Improper Lane Change, in violation of 21 *Del. C.* §4122(1).

The facts which gave rise to these proceedings indicate that on the night of January 20, 2018 Corporal Christopher Sutton of the Delaware State Police ("Cpl. Sutton") was driving in the left lane of Maryland Avenue, a four lane street in the City of Wilmington. He stopped for the red light at the intersection with Banning Street. While stopped at the red light, he observed a red Chevrolet Impala vehicle ("the Impala") operated by Defendant, traveling in the right lane in his direction. The red Impala also stopped at the red light. When the light turned green, both vehicles continued on Maryland Avenue. The traffic pattern on Maryland Avenue east of Banning Street permitted parking vehicles in the right lane where there were vehicles. These vehicles blocked the lane of travel for the Impala. After passing through the intersection, the Impala changed from the right lane to the left lane in front of Cpl. Sutton's marked police vehicle. Defendant used the vehicle's turn signal when making the lane change. Cpl. Sutton initiated a traffic stop of the Impala on the basis that Defendant failed to signal three hundred (300) feet prior to the lane change. Following an investigation, Cpl. Sutton thereafter arrested Defendant on the above-named offenses.

On April 24, 2018, Defendant filed a Motion to Suppress. Defendant seeks to suppress from use at trial all evidence seized by the State as a result of the traffic stop and all statements made by Defendant on the basis that the officer lacked reasonable articulable suspicion and

2

probable cause to stop the vehicle for a violation of 21 *Del. C.* §4155(b). Defendant does not dispute that he changed lanes, but avers that it was impossible for him to comply with §4155(b)'s requirement that he signal for at least 300 feet before changing lanes, because there were vehicles parked in the right lane which impede his path of travel such that there was less than 300 feet of roadway available to signal.

On May 24, 2018, a hearing was held on Defendant's Motion to Suppress. During the Motion hearing, Cpl. Sutton testified that on January 20, 2018, at around 11:05 p.m., he was on routine patrol within the City of Wilmington in a marked police vehicle equipped with a Mobile Vehicle Recorder ("MVR"). Cpl. Sutton testified that it was a clear night, without any fog or precipitation. Cpl. Sutton testified he was driving in the left lane of Maryland Avenue and while stopped at the red light, he observed two vehicles, one traveling in the left lane and the other traveling in the right lane in his direction. The vehicle in the right lane appeared to be speeding, Cpl. Sutton further testified that the driver of the vehicle, a red Impala, timed the light to cross through the intersection right as it turned green. Seconds after crossing through the intersection, the Impala changed lanes from the right to the left, in front of Cpl. Sutton's vehicle. Cpl. Sutton testified that the driver of the Impala only turned on his turn signal after he was making the lane change. Cpl. Sutton then initiated a traffic stop of the Chevy Impala, which was driven by Defendant.

During cross-examination, Cpl. Sutton testified that the basis for the stop of Defendant's vehicle was a violation of 21 *Del. C.* §4155(b), failure to signal continuously for 300 feet before changing lanes.

3

At the conclusion of the Motion Hearing, the Court ordered supplemental briefing. On June 13, 2018, the State filed its *Supplemental Response to Defendant's Motion to Suppress Evidence* ("State's Brief"). Successively, on June 28, 2018, Defendant filed his *Reply to the State of Delaware's Response to his Motion to Suppress Evidence* ("Defendant's Reply"). This is the Court's Final Decision and Order on the Defendant's Motion to Suppress.

## LEGAL STANDARD

The Fourth Amendment of the United States Constitution secures an individual's right to be free from unreasonable governmental searches and seizures. Under the Fourth Amendment, "a traffic stop is reasonable if it is supported by reasonable suspicion or probable cause to believe that a traffic violation has occurred."[1]

To justify a vehicle stop, the officer must be able to point to objective facts which would support "reasonable articulable suspicion, taken together with rational inferences from those facts, which reasonably warrant the intrusion."[2] "The Court must examine the totality of circumstances surrounding the situation as viewed through the 'eyes of a reasonable trained police officer in the same manner or similar circumstances, combining the objective facts with such an officer's subjective interpretation to those facts' and determine reasonable articulable suspicion."[3] "An officer who witnesses a traffic violation has met the threshold for a finding of reasonable articulable suspicion."[4]

---

[1] *State v. Rickards*, 2 A.3d 147, 151 (Del. Super. 2010).
[2] *State v. Kane*, 2014 WL 12684290, at *4 (Del. Com. Pl. Feb. 12, 2014).
[3] *Id.*
[4] *State v. Murray*, 2014 WL 4178345, at *2 (Del. Com. Pl. Aug. 22, 2014) (citing *Brown v. State*, 2009 WL 659070 (Del. Super. Mar. 13, 2009)).

4

On a motion to suppress, the State must establish, by a preponderance of the evidence, that Defendant's arrest was supported by probable cause.[5] "Probable cause is more than a suspicion, but less than the sufficient evidence required to convict."[6] "Probable cause exists where the facts and circumstances within the police officer's knowledge are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been or is being committed."[7]

## DISCUSSION

Defendant argues that it was not possible for him to signal a lane change for 300 feet or more as required by 21 *Del. C.* §4155(b) due to the road configuration. The Defendant based this argument on the fact that he was in a permissible, i.e., legal lane of travel which ended because of legally parked vehicles. Thus, there were less than 300 feet between the red light and where the vehicles were parked on the right lane which made it impossible for him to signal a lane change for 300 feet or more. Defendant also argues that even if he had stopped and let the police vehicle pass before turning, he would still have violated §4155(b) due to the traffic configuration. Therefore, Defendant argues all evidence obtained as a result of the traffic stop must be suppressed because the Officer lacked reasonable articulable suspicion to stop his vehicle for a violation of §4155(b), based upon a recent Delaware Supreme Court analysis of this statute.

---

[5] *State v. Anderson*, 2010 WL 4056130, at *3 (Del. Super. Oct. 14, 2010).
[6] *State v. Jenkins*, 2018 WL 660173, at *2 (Del. Super. Feb. 1, 2018) (citing *Spinks v. State*, 1990 WL 17789, at *2 (Del. Jan. 17, 1990).
[7] *Bease v. State*, 884 A.2d 495, 498 (Del. 2005) (citing *State v. Maxwell*, 624 A.2d 926, 928 (Del.1993)).

Defendant relies on *McDonald v. State*, [8] In that case, the Delaware Supreme Court considered the issue of failure to signal when leaving a private parking lot. The Court when analyzing § 4155 held that the parking lot was only 200 feet, and it would have been impossible for the driver to comply with the statute. Thus, the Court concluded that where such facts exist which creates a factual impossibility to comply with the traffic provision, there is no basis to stop the vehicle for such violation. Here, defendant argues that it was impossible for him to comply with the statute because he was in a legal left lane at the light, and the distance to the legally parked traffic blocking his lane of travel was less than 300 feet.

The State argues Cpl. Sutton had reasonable articulable suspicion to initiate the stop for a violation of 21 *Del. C.* §4155(b), and probable cause to arrest Defendant. *First*, Cpl. Sutton observed Defendant driving at a high rate of speed. The State argues that although Defendant was not charged with a speed violation, Cpl. Sutton's observations of Defendant driving at a high speed factored into his decision to stop the vehicle. *Second*, Cpl. Sutton saw Defendant change from the right lane to the left lane, in front of Cpl. Sutton's marked police vehicle, without using the turn signal. Therefore, the State argues Cpl. Sutton's observations, when viewed in the context of his training and experience, support a finding that he possessed reasonable articulable suspicion to initiate a traffic stop of Defendant's vehicle. Thus, Defendant's Motion to Suppress should be denied.

---

[8] 947 A.2d 1073 (Del. 2008).

6

The State relies upon *State v. Coston*, an unreported decision of the Superior Court set forth in a suppression hearing transcript.[9] In *Coston*, the Defendant was driving on North Pine Street when he came to a stop at the intersection with East 9th Street. Coston turned right onto East 9th Street but only used his turn signal when he was halfway through the turn. He was stopped in violation of 21 *Del. C.* §4155(b). In a search of the vehicle, two firearms were discovered. In his Motion to Suppress, Coston argued that the traffic stop was unconstitutional because it would have been impossible to comply with §4155(b). Coston testified that he put on his turn signal a half block away from where he made the turn, which was measured to be only 234 feet. The Superior Court denied Coston's Motion to Suppress and found that, even though the half block measured less than 300 feet, there was no evidence that Coston could not have put his turn signal 300 feet before making the turn. The Court further held that the evidence is clear in that Coston made no attempt to use his turn signal until he was already halfway through the turn, making it a clear violation of §4155(b).

In the instant matter, the facts resemble more what occurred in *McDonald* than what occurred in *Coston*. In *Coston*, there is no physical limitation because of traffic configuration as in *McDonald*. Further, there is no evidence that there were signals or signs on the roadway of a traffic lane change. A reasonable traveler on a city street where there are no traffic signs to give notice of a lane change or parked traffic would assume that it was permissible to continue in a legal lane of travel. Therefore, the reasonable course of action for someone in defendant's position is to change lanes. Further, the State's reliance on *Coston*, which is an

---

[9] No. 1407012867 (Del. Super. Ct. Feb. 20, 2015).

7

unreported decision, lacks the precedent authority of *McDonald* which is the product of a well-reasoned Delaware Supreme Court decision.

## CONCLUSION

For the reasons stated above, I find that Cpl. Sutton lacked reasonable articulable suspicion to stop the vehicle for violation of 21 *Del. C.* §4155.

**ACCORDINGLY**, Defendant's Motion to Suppress is GRANTED. The Clerk shall schedule the matte for further proceeding.

**IT IS SO ORDERED.**

_____
Alex J. Smalls
Chief Judge

Lecates-OP 8-22-2018