**Roosevelt H. BEASE, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 105,2005.**

Supreme Court of Delaware.

Submitted: Sept. 14, 2005.
Decided: Sept. 29, 2005.

Joseph A. Hurley, Wilmington, DE, for appellant.

John Williams, Department of Justice, Dover, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

HOLLAND, Justice:

The defendant-below, appellant, Roosevelt H. Bease, appeals from his judgments of conviction in the Superior Court for Driving a Vehicle Under the Influence of Alcohol as a fourth offense, Driving While License Was Suspended, and Improper Lane Change. The sole issue raised by Bease in this appeal relates to his conviction for Driving Under the Influence of Alcohol.

Bease contends that the Superior Court erred in denying his motion to suppress the results of an intoxilyzer test. Bease argues that the police officer who stopped him for the Improper Lane Change did not have probable cause to administer the intoxilyzer test, in violation of Del.Code Ann. tit. 21, § 2740(a). Therefore, Bease submits the intoxilyzer test constituted an impermissible warrantless search and the results of that test were inadmissible as evidence.

We have concluded the Superior Court correctly determined that, under the totality of the circumstances, the police officer had probable cause to administer an intoxilyzer test. Therefore, Bease's motion to suppress was properly denied. Consequently, the judgments of the Superior Court are affirmed.

### Facts

At approximately 8:25 a.m., on August 28, 2003, near the intersection of Interstate 95 and Delaware Route 1, Delaware State Police Trooper Penrod observed a black 1999 Ford Expedition SUV "abrupt-

ly travel from the right straight lane into the turn lane for Interstate 95, forcing multiple vehicles that were already in that lane to rapidly decelerate." The Ford Expedition "then crossed the solid white line, which is not designated for lane deviation, and into the right travel lane for Interstate 95." Signaling by hand, Trooper Penrod directed Bease, the driver, to stop the Ford Expedition. Bease complied.

Penrod approached Bease and stood approximately two feet from him. As he spoke to Bease, Penrod "detected an odor of alcoholic beverage emanating from his breath." Bease told Trooper Penrod that he had consumed some chardonnay or beer the night before. Penrod did not observe anything unusual about Bease's speech except that he was speaking rapidly. Penrod did notice that Bease's eyes were bloodshot and glassy.

When asked for his driver's license, Bease was unable to produce one. Consequently, Trooper Penrod returned to his vehicle and ran a DELJIS computer search that revealed an outstanding Rule 9 warrant for Bease's arrest, and that Bease was driving during revocation or suspension of his license. Penrod advised Bease that he was under arrest, handcuffed him and took him into custody. Bease then took a Portable Breathalyzer Test (PBT), which he failed.

Penrod subsequently transported Bease to Delaware State Police Troop 6, where he questioned him about his educational level and medical history. Bease stated that he had a full twelve years of education. Because Bease had physical limitations, Penrod did not administer any physical agility tests. Penrod did administer an alphabet test and the horizontal gaze nystagamus (HGN) test. Bease failed the alphabet test.

Penrod is NHTSA-certified to administer the HGN test. According to Penrod's testimony, if an examinee manifests four of six clues during the test, there is a 77 percent chance that the person's blood alcohol content is 0.10 percent or higher. On that basis Penrod found that Bease failed the HGN test. Penrod then administered the intoxilyzer test at issue in this appeal, which indicated that Bease's blood alcohol content was 0.103 percent.[1]

### Procedural History

A grand jury indicted Bease for the offenses of Driving a Vehicle Under the Influence of Alcohol, Driving While License Was Suspended, and Improper Lane Change. Bease entered a plea of not guilty to all charges. Bease filed a Motion to Suppress in January 2004, and an amended Motion to Suppress in February 2004.[2] After conducting a pre-trial suppression hearing, the Superior Court denied Bease's motion. Trial began on January 11, 2005 and Bease was found guilty of all charges. Bease received a sentence of six months mandatory incarceration. He filed a timely notice of appeal in this Court.

### Probable Cause Standard

▉ When a person operates a motor vehicle in Delaware, he or she is deemed by statute to have given consent to chemical tests, including a test of the breath to

---

1. The blood alcohol content limit in Delaware was .10 percent at that time. It is now .08. Del.Code Ann. tit. 21, § 4177(a)(4) (2005). *See generally* H.B. 111, 142nd Gen. Assem. (Del.2004) (replacing ".10" in Del.Code Ann. tit. 21, § 4177(a)(4) with ".08").

2. Bease's original January 9, 2004 Motion to Suppress did not address the results of the intoxilyzer test. He amended his Motion on February 9, 2004 to include a request to suppress those results.

determine the presence of alcohol or drugs.[3] This testing may be required of a person when a police officer has probable cause to believe that the person was driving while under the influence of alcohol or drugs.[4] Probable cause is determined by the totality of the circumstances and requires a showing of a probability that criminal activity is occurring or has occurred.[5] Probable cause exists where the facts and circumstances within the police officer's knowledge, and of which the police officer had reasonably trustworthy information, are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been or is being committed.[6]

### Superior Court Decision

In this case, the State bears the burden of establishing that there was probable cause of driving under the influence of alcohol to require Bease to submit to an intoxilyzer test. The Superior Court found that Trooper Penrod had probable cause to administer an intoxilyzer test to Bease. In its analysis, the Superior Court considered: Bease's abrupt driving movement, the odor of alcohol on his breath, his glassy and bloodshot eyes, and his admission to having consumed beer or chardonnay the night before.

The Superior Court concluded that the foregoing evidence was sufficient to establish probable cause to administer the intoxilyzer test. The Superior Court specifically declined to weigh the results of failing either the portable breathalyzer test or the HGN test in performing its probable cause analysis. The Superior Court denied Bease's motion to suppress.

### Prior Delaware Precedents

The Superior Court's finding of probable cause is consistent with this Court's prior precedents. In *State v. Maxwell,*[7] this Court reversed the granting of a motion to suppress the results of a blood test for the presence of alcohol. In *Maxwell,* probable cause to administer the test was present, based on: the evidence showing an admission of prior drinking; the presence of an odor of alcohol; beer cans in and near the overturned vehicle; the police officer's observation that the defendant's eyes were "a little glassy;" and, that he appeared dazed to one witness.[8] In *Perrera v. State,*[9] this Court affirmed a finding of probable cause where a police officer stopped the defendant for a traffic violation, and observed that: she had bloodshot and glassy eyes; she smelled of alcohol; admitted to drinking two beers; beer cans were visible on the floor of her car; she failed the alphabet and counting field sobriety tests; and, she failed the portable breathalyzer tests.[10]

The Superior Court's ruling in this case is also consistent with other Delaware de-

3. Del.Code Ann. tit. 21, § 2740(a) (2005).

4. Del.Code Ann. tit. 21, § 2740(b) (2005); Del.Code Ann. tit. 21, § 4177(a)(1) (2005). The testing of the breath for the presence of alcohol or drugs has been recognized as a search and, therefore, subject to Fourth Amendment requirements and protections. *Schmerber v. California,* 384 U.S. 757, 767, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

5. *State v. Maxwell,* 624 A.2d 926, 928 (Del. 1993).

6. *Id.* at 930 (citing *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)).

7. *State v. Maxwell,* 624 A.2d 926 (Del.1993).

8. *Id.* at 930–31.

9. *Perrera v. State,* 852 A.2d 908, 2004 WL 1535815 (Del.2004).

10. *Id.* 2004 WL 1535815 at **1.

cisions. In *Higgins v. Shahan*,[11] an accident combined with the defendant's bloodshot and glassy eyes, the odor of alcohol emanating from the defendant, his admission of consuming alcoholic beverages and refusal to perform field tests were found to establish probable cause.[12] In *Silverman v. Shahan*,[13] the court reached a similar conclusion based upon: the defendant's erratic driving, his flushed face and bloodshot eyes, the strong odor of alcohol on his breath, his failure of the alphabet and counting tests, and his refusal to perform other field tests.

### Probable Cause Extant

■ Bease was stopped initially for committing a traffic violation, an improper lane change, in violation of Del.Code Ann. tit. 21, § 4122(1).[14] It is undisputed that there was both a reasonable articulable suspicion to stop Bease's motor vehicle and probable cause to issue a traffic citation to Bease for the improper lane change.[15] Not only was the initial stop of Bease's motor vehicle by Trooper Penrod "justified at its inception by reasonable suspicion of criminal activity," [16] but the police officer's approach of the motor vehicle and inquiry of the operator was reasonably related to the purpose of the motor vehicle stop.[17]

Trooper Penrod testified that when he talked with Bease at the time of the admittedly proper motor vehicle stop, he "detected an odor of alcoholic beverage emanating from his breath when he spoke to me." Trooper Penrod was standing "approximately two feet" away from Bease when he smelled the alcoholic beverage odor. When Penrod questioned Bease regarding alcohol consumption, Bease said "that he had some chardonnay or beer the night before." Trooper Penrod also noted that Bease's "eyes appeared bloodshot and glassy." When asked to produce his driver's license, Bease was unable to do so and Trooper Penrod observed that Bease was "speaking rapidly."

The Superior Court carefully considered all of the pertinent evidence in this case and acceded to the defense arguments that the failed PBT and HGN tests should not be considered. Even excluding the failed PBT and HGN testing results,[18] the record reflects sufficient other evidence to establish probable cause for the administration of the intoxilyzer test and to admit the presumptive intoxication evidence disclosed by that scientific testing. The record reflects that Bease spoke in a rapid manner to Trooper Penrod, smelled of alcohol, admitted that he consumed alcoholic beverages the night before, had bloodshot

11. *Higgins v. Shahan*, C.A. No. 94A–06–0006, 1995 WL 108699 (Del.Super.Ct. Jan. 18, 1995) (Lee, J.).

12. *Id.* at *3.

13. *Silverman v. Shahan*, No. Civ. A. 00–10–022, 2002 WL 31999363, at *2 (Del.Com.Pl. Jan. 2, 2002).

14. That section provides: "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

15. *See Traylor v. State*, 458 A.2d 1170, 1174 (Del.1983); Del.Code Ann. tit. 21, § 703(a) and (b).

16. *Caldwell v. State*, 780 A.2d 1037, 1046 (Del.2001).

17. *Id. See Florida v. Royer*, 460 U.S. 491, 498, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) ("[R]easonable suspicion of criminal activity warrants a temporary seizure for the purpose of questioning limited to the purpose of the stop."). *See also Hicks v. State*, 631 A.2d 6, 10 (Del.1993).

18. The propriety of excluding that evidence is not an issue before us in this appeal.

and glassy eyes, and had just committed a traffic violation by making an improper lane change in an abrupt manner.

Based upon Trooper Penrod's observations and the rational inferences drawn therefrom, there existed "a quantum of trustworthy factual information, 'sufficient in themselves to warrant a man of reasonable caution' to conclude that probable cause existed" to believe Bease was driving under the influence of alcohol at the time Trooper Penrod stopped him.[19] Accordingly, the Superior Court correctly concluded that the totality of circumstances was sufficient to establish probable cause to test Bease by an intoxilyzer.[20] Consequently, Bease's motion to suppress those test results was properly denied.

### Conclusion

The judgments of the Superior Court are affirmed.

---

**19.** *State v. Maxwell,* 624 A.2d 926, 931 (Del. 1993) (emphasis omitted) (quoting *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)).

