# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KESLER STEVENS, | § | |
| | § | No. 41, 2015 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE | § | |
| | § | C.A. No. N13A-09-008 |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: September 24, 2015
Decided: November 12, 2015

Before **STRINE**, Chief Justice, **HOLLAND,** and **VAUGHN,** Justices.

Upon appeal from the Superior Court. **AFFIRMED.**

James O. Turner, Jr., Esquire, Office of the Public Defender, Wilmington, Delaware, for Appellant.

Karen V. Sullivan, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, for Appellee.

**VAUGHN**, Justice:

Defendant-below/Appellant Kesler Stevens ("Stevens") appeals from a Superior Court Opinion affirming a Court of Common Pleas bench trial verdict which found him guilty of Driving Under the Influence ("DUI").[1] He raises two claims on appeal. First, Stevens contends that the trial court erred in denying his motion for judgment of acquittal because there was insufficient evidence to convict him of DUI. Second, he contends that Delaware's DUI law violates the Equal Protection Clause of the United States Constitution because it provides for a harsher punishment than Delaware's Reckless Driving–Alcohol Related[2] law even though both laws punish identical conduct. We find no merit to Stevens' appeal and affirm.

## I. FACTS AND PROCEDURAL HISTORY[3]

On the night of March 17, 2013, Stevens was driving on Pulaski Highway near Scotland Drive in New Castle County. At the same time, Alfred Melchiore was traveling on Scotland Drive with his daughter. As Melchiore approached Pulaski Highway, Stevens' vehicle collided, head-on, with Melchiore's vehicle.[4] After the

---

[1] 21 *Del. C.* § 4177(a).

[2] 21 *Del. C.* § 4175(b).

[3] Unless otherwise noted, the facts and procedural history are taken from the Superior Court's Opinion affirming the judgment of the Court of Common Pleas. *Stevens v. State*, 110 A.3d 1264, 1265 (Del. 2015).

[4] Both vehicles sustained heavy front-end damage and were ultimately totaled.

collision, Stevens approached Melchiore and stated: "Your daughter's crying . . . she's really upset, try to calm [her] down."[5] Melchiore smelled alcohol on his breath.

When Delaware State Trooper Gregory Gaffney arrived at the scene of the accident, Stevens handed Trooper Gaffney his car keys despite not being asked to do so. Trooper Gaffney handed Stevens his keys back and asked for his driver's license, registration, and proof of insurance. Stevens returned with just his driver's license and handed his car keys to Trooper Gaffney for a second time. Trooper Gaffney observed that Stevens had: (1) stumbled a few times and seemed unbalanced; (2) the smell of alcohol on his breath; (3) glassy eyes; and (4) slurred and mumbled speech. Trooper Gaffney also "asked him numerous times where he was coming from and all he could do was point to [the highway] and say, 'There, Pulaski Highway.'"[6]

During his investigation, Trooper Gaffney observed tire marks crossing Pulaski Highway's grass median as well as a knocked down tree. Pieces of the downed tree were found in Stevens' bumper and the tire tracks pointed towards the collision. Based on these observations, Trooper Gaffney determined that Stevens had swerved into the median and hit the tree before crashing into Melchiore's vehicle.

Not sure whether the Delaware State Police or the New Castle County Police would be handling the investigation, Trooper Gaffney did not request that Stevens

[5] Appellant's Op. Br. App. at A16.
[6] Appellant's Op. Br. App. at A34-35.

3

perform any field sobriety tests before Stevens, Melchiore, and Melchiore's daughter were transported to the hospital.[7] Shortly after the ambulance left, Stevens' mother arrived at the accident scene. Trooper Gaffney told her that her son was at the hospital and may have been intoxicated. Stevens' mother then left for the hospital.

Once the New Castle County Police arrived, it was determined that the State Police should continue the investigation. Trooper Gaffney headed to the hospital where he learned that Stevens had left after refusing any treatment for a shoulder injury. Trooper Gaffney then called Stevens and asked him to return to the hospital. During the call, Stevens told Trooper Gaffney that he was walking on a road but was unable to provide its name. After being asked to return, Stevens told Trooper Gaffney that his mother was driving him home. Stevens never returned to the hospital and stopped answering Trooper Gaffney's phone calls. Unable to establish contact with Stevens, Trooper Gaffney traveled to Stevens' house. He knocked on the door and rang the doorbell repeatedly, but there was no answer. Ultimately, Stevens was charged with DUI as well as several other offenses.[8]

On February 25, 2014, a bench trial was held in the Court of Common Pleas. Melchiore and Trooper Gaffney testified for the State. At the conclusion of the

---

[7] At the hospital, Melchiore observed Stevens doing "wheelie[s]" in a wheelchair before Stevens left without being treated.

[8] The other offenses are not at issue on appeal.

4

State's case, Stevens moved for judgment of acquittal as to the DUI charge. The trial court reserved judgment on the motion. Stevens then testified. At the conclusion of Stevens' case, the trial court denied Stevens' motion and found him guilty of DUI. In its ruling, the court stated that the "totality of the circumstances" and all reasonable inferences showed that the State proved, beyond a reasonable doubt, that Stevens was driving under the influence of alcohol. Stevens renewed his motion for judgment of acquittal, which the trial court denied on March 17, 2014.

On April 14, 2014, Stevens appealed the trial court's decision to the Superior Court. He raised two claims on appeal: (1) the evidence was insufficient to support a conviction for DUI and (2) an error in the Information regarding the date of the offense exposed him to double jeopardy. The Superior Court dismissed the double jeopardy claim because Stevens failed to preserve it during trial. As to the insufficient evidence claim, the Superior Court found no error in the trial court's factual findings and the judgment was affirmed. This appeal followed.

## II. ANALYSIS

### A. Based on the Evidence Presented at Trial, a Rational Trier of Fact Could Find, Beyond a Reasonable Doubt, that Stevens was Guilty of DUI.

"When a defendant argues that the evidence is insufficient to support the verdict, the relevant inquiry is whether, considering the evidence in the light most

5

favorable to the State, including all reasonable inferences to be drawn therefrom, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[9] We do not distinguish between direct and circumstantial evidence.[10] Factual findings will not be overturned unless they are "clearly wrong."[11] Our review of the fact finder's factual conclusions is deferential because the fact finder is "responsible for determining witness credibility, resolving conflicts in testimony and for drawing any inferences from the proven facts."[12] Any claim that the trial court erred in formulating or applying the law is reviewed *de novo*.[13]

In order for a defendant to be found guilty of DUI, the State must prove, beyond a reasonable doubt, that the defendant was (1) driving a vehicle (2) while impaired by alcohol.[14] It is not necessary to prove that the defendant was "drunk."[15] The State is only required to produce enough evidence to allow a reasonable trier of fact to conclude that the defendant's "ability to drive safely was impaired by alcohol."[16] Investigative tests, such as a chemical or sobriety test, are "not necessary

---

[9] *Church v. State*, 2010 WL 5342963, at *1 (Del. Dec. 22, 2010) (citing *Dixon v. State*, 567 A.2d 854, 857 (Del. 1989)).

[10] *Id.* (citing *Skinner v. State*, 575 A.2d 1108, 1121 (Del. 1990)).

[11] *Anderson v. State*, 21 A.3d 52, 57 (Del. 2011) (quotation omitted).

[12] *Church*, 2010 WL 5342963, at *1 (quoting *Chao v. State*, 604 A.2d 1351, 1363 (Del. 1992)).

[13] *Anderson*, 21 A.3d at 57.

[14] *See* 21 *Del. C.* § 4177(a); *Lewis v. State*, 626 A.2d 1350, 1355 (Del. 1993).

[15] *Lewis*, 626 A.2d at 1355.

[16] *Id.*

to prove the impairment required by the statute."[17] The requisite level of impairment may be established through circumstantial evidence.[18] Determining whether a person is intoxicated "is within the realm of common knowledge."[19]

Stevens' first claim is unavailing. There was sufficient evidence from which a rational trier of fact could find Stevens guilty of DUI beyond a reasonable doubt. Stevens abruptly turned on Pulaski Highway, drove through a median, hit a tree, and then collided, head-on, with another motor vehicle, which resulted in extensive damage to both vehicles. He could not explain where he was coming from when asked by Trooper Gaffney. Both Trooper Gaffney and Melchiore noticed the odor of alcohol on Stevens' breath. Further, Trooper Gaffney noticed that Stevens was (1) stumbling, (2) slurring his words, and (3) had glassy eyes. Stevens also handed his car keys to Trooper Gaffney twice, despite never being asked to do so. These actions and characteristics have long been associated with someone who is under the influence.[20] The totality of these circumstances allowed the trial court, acting as the fact finder, to reasonably infer that Stevens was under the influence. Thus, Stevens' first claim has no merit.

---

[17] *Church v. State*, 2010 WL 5342963, at *2 (Del. Dec. 22, 2010).

[18] *Id.*

[19] *Id.*

[20] *See id.* at *1-2; *Lefebvre v. State*, 19 A.3d 287, 290-95 (Del. 2011) (discussing indicia in the context of probable cause); *Bease v. State*, 884 A.2d 495, 499-500 (Del. 2005) (discussing indicia in the context of probable cause).

**B. The DUI statute does not violate the equal protection clause.**

"Claims of error implicating basic constitutional rights of a defendant have been accorded review by this Court notwithstanding their nonassertion at trial."[21] "[W]here substantial rights are jeopardized and the fairness of the trial imperiled, this court will apply a plain error standard of review."[22] "The doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[23]

Despite Stevens' failure to preserve this issue below, we will address it in the interest of justice. It is axiomatic that a law that results in a harsher punishment than another for an identical act "violates the right of equal protection."[24] But DUI and Reckless Driving–Alcohol Related ("RDAR") do not punish the same conduct. Each of the two statutes requires an element that the other does not. An element of RDAR is driving a vehicle in wilful or wanton disregard for the safety of persons or property, an element not required for DUI. DUI requires proof that the defendant was under

---

[21] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[22] *Stansbury v. State*, 591 A.2d 188, 191 (Del. 1991).
[23] *Wainwright*, 504 A.2d at 1100.
[24] *Hughes v. State*, 653 A.2d 241, 251 (Del. 1994).

the influence of alcohol or drugs as described in 21 *Del. C.* § 4177(a)(1-6), an element not required for RDAR.[25] Accordingly, Stevens' second claim lacks merit.

Moreover, because each statute contains an element that the other does not, one cannot be a lesser included offense of the other.[26] A lesser included offense is one which is established by proof of the same or less than all the facts of a charged offense.[27] We are aware that a number of trial court opinions have referred to RDAR as a lesser included offense of DUI.[28] We also realize that our own decision in *Michael v. State* may have contributed to the confusion by referring to RDAR as a lesser included offense of DUI.[29] But we emphasize here that for the reasons just stated, RDAR is not a lesser included offense of DUI. The provisions of 21 *Del. C.* § 4175(b) which give rise to the concept of RDAR are penalty provisions which apply when a person who is charged with DUI is permitted to plead guilty to Reckless Driving.[30] There is no offense of RDAR separate from Reckless Driving.

---

[25] *Lewis v. State*, 626 A.2d 1350, 1355 (Del. 1993); *see also* 21 *Del. C.* §§ 4177(a)91), (c)(11).

[26] *Johnson v. State*, 5 A.3d 617, 620 (Del. 2010) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)) ("The *Blockburger* rule states that two distinct statutory provisions that condemn the same conduct constitute separate offenses when 'each provision requires proof of an additional fact, which the other does not."); *see also* 11 *Del C.* § 206 (codifying the *Blockburger* rule).

[27] 11 *Del. C.* § 206(b).

[28] *See Wilkerson v. State*, 1998 WL 472755, at *1 (Del. Super. Ct. June 17, 1998); *State v. Smallwood*, 2012 WL 5869624, at *8 (Del. Com. Pl. Nov. 9, 2012); *State v. Early*, 2011 WL 6946970, at *5 (Del. Com. Pl. Dec. 22, 2011); *State v. Stonesfier*, 2000 WL 33662346, at *3 n.5 (Del. Com. Pl. June 8, 2000).

[29] *Michael v. State*, 529 A.2d 752, 756 (Del. 1987).

[30] The pertinent language of 21 *Del. C.* § 4175(b) was introduced in House Bill Number 526, which was titled "An Act to Amend Chapters 3, 7, 21, 23, 27, 31, 41, 42 and 43, Title 21 of the Delaware

## III. CONCLUSION

For all of the preceding reasons, the judgment of the Superior Court is

**AFFIRMED**.

---

Code Relating to the Penalty Provisions of the Motor Vehicle Code." *See* Del. H.B. 526, 133d Gen. Assem., 65 Del. Laws ch. 503 (1986).