# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE         )
                               )
                               )
         v.                )
                               )     Cr. A. No.: 1508001383
                               )
JOSE CRUZ,               )
                               )
     Defendant.          )
                               )

Submitted: March 1, 2016
Decided: April 27, 2016

Ryan Bounds, Esquire
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State*

Francis E. Farren, Esquire
Farren-Law
24 Prestbury Square
Newark, DE 19713
*Attorney for Defendant*

## OPINION AND ORDER
## ON DEFENDANT'S MOTION TO SUPPRESS

Defendant, Jose I. Cruz, ("Cruz"), stands charged with Driving a Vehicle Under the Influence ("DUI"), in violation of 21 *Del. C.* §4177(a), and Failure to Remain Within a Single Lane, in violation of 21 *Del. C.* §4122(1), following a stop on August 2, 2015. Cruz filed the present Motion to Suppress (the "Motion"), challenging the legality of the stop. Cruz contends that all evidence stemming from his arrest should be suppressed because the arresting officer did not have the probable cause to arrest him for DUI or administer an intoxilyzer test during the initial stop. On February 1, 2016, the Court heard Cruz's Motion, reserved its decision, and ordered briefing on whether the arresting officer had probable cause. The Court has reviewed

1

the parties' submissions on this issue. This is the Court's Decision on Cruz's Motion to Suppress.

## FACTUAL AND PROCEDURAL HISTORY

The Court finds the facts as follows: On the evening of August 2, 2015, Corporal Daniel Carrow ("Cpl. Carrow") was working at Lang Marsh, a state wildlife area, located off Route 9 in New Castle County, Delaware.[1] During this shift, Kim List ("List") drove a blue Jeep into the parking lot and parked behind Cpl. Carrow's patrol vehicle. Cruz was a passenger in this Jeep.[2] Cruz then exited the Jeep, and approached the driver side of Cpl. Carrow's patrol vehicle.

Cpl. Carrow observed Cruz as he approached his patrol vehicle and found that Cruz appeared to be intoxicated. While sitting in his patrol vehicle, approximately three feet away, Cpl. Carrow detected a strong odor of alcohol emanating from Cruz, and observed his eyes to be glassy.[3] Upon his initial contact with Cpl. Carrow, Cruz voluntarily stated that he had been asked to leave the Port Penn Veterans of Foreign Wars Post ("VFW"), a social club for veterans, where he had been drinking alcohol. He then began sharing his experience of being a veteran with Cpl. Carrow. Cpl. Carrow found Cruz to be very talkative and jovial during the entirety of their conversation.[4] After the conversation ended, Cruz walked back to the Jeep and began arguing loudly with List. Cpl. Carrow then saw Cruz enter the driver's side of the Jeep, and drive out of the parking lot. Cpl. Carrow then observed Cruz's vehicle swerve as he exited the parking area. Cruz then drove north onto the southbound lane, and then proceeded to correctly

---

[1] Cpl. Carrow has been employed as a police officer with the Delaware Department of Natural Resources and Environmental Control since 1982. Currently, he serves as a Fish and Wildlife agent responsible for ensuring compliance with Delaware's boating, fishing, and hunting laws. Cpl. Carrow received DUI training and is certified under the National Highway Traffic Safety Administration ("NHTSA") to administer field sobriety tests as well as the Intoxilyzer 5000 test. The Court finds Cpl. Carrow to be a credible witness.

[2] Cruz disputes this, and maintains that he was driving the vehicle, and that List was the passenger.

[3] Cruz contends that while Cpl. Carrow may have smelled an odor of alcohol, such an observation merely indicates how recent the alcohol was consumed, not the quantity consumed.

[4] Cruz contends that his "talkative and jovial" demeanor is not indicative that he was under the influence of alcohol.

drive back onto the northbound lane.[5] Based on Cruz's earlier statements and this erratic driving, Cpl. Carrow believed that Cruz should not have been driving, and proceeded to follow him.

Eventually, Cpl. Carrow caught up with Cruz near Delaware City. Due to the heavy flow of traffic and the narrow shoulders, Cpl. Carrow did not stop Cruz immediately. While Cpl. Carrow continued to follow Cruz, he observed Cruz drive over the center line of the road and proceed to correct back into his lane several times. Once it was safe to initiate a stop, Cpl. Carrow stopped Cruz at the intersection of Route 72 and River Road, just north of Delaware City.

After approaching Cruz's vehicle, Cpl. Carrow asked for Cruz's license, registration, and insurance. Cruz had difficulty producing these documents.[6] Once Cruz produced the documents requested, Cpl. Carrow asked Cruz to exit the Jeep. At that time, Cruz became argumentative, stating that "he knew his rights" and wanted to be taken to the hospital to have his "tests."[7] In response, Cpl. Carrow asked Cruz if anything was wrong with him. After Cruz stated that there was nothing wrong, Cpl. Carrow informed him that he would be taken to Delaware State Police Troop 9 ("Troop 9") so that he could submit to an intoxilyzer test.[8] At Troop 9, Cpl. Carrow administered an intoxilyzer test. At no point during the initial stop, or while at Troop 9, did Cpl. Carrow administer any field sobriety tests.

At the end of Cpl. Carrow's testimony, Cruz moved to suppress the results of the intoxilyzer test on the grounds that Cpl. Carrow did not have the probable cause to arrest Cruz for DUI due to the fact that he did not conduct any field sobriety tests. The Court reserved its

---

[5] Cruz attributes his vehicle's swerving to the fact that he was distracted while arguing with List.
[6] Cruz maintains he only fumbled to remove the documents from his glove box while trying to opening it.
[7] Cpl. Carrow testified that Cruz did not explain what he meant by "tests".
[8] The State stipulated, and Cpl. Carrow testified, once Cruz was placed inside the patrol vehicle he was under arrest.

decision on the Motion pending further briefing from both parties, and proceeded to hear arguments from both sides concerning the admissibility of the intoxilyzer results. The Court found that the State laid a proper foundation to admit the intoxilyzer results into evidence, pending the outcome of the present Motion.[9] Cruz indicated that he does not intend to produce any further evidence. Therefore, the results of this Motion will be dispositive.

## PARTIES CONTENTIONS

Cruz contends the results of his intoxilyzer test should be suppressed because Cpl. Carrow failed to administer any Field sobriety tests prior to his detention and transportation to Troop 9. Cruz argues that without having any field sobriety tests to show that he was driving under the influence, Cpl. Carrow did not have the requisite probable cause to arrest or administer an intoxilyzer test. He further argues that Cpl. Carrow's observations alone do not sufficiently establish the probable cause needed to arrest Cruz for DUI and subject him to intoxilyzer testing. Thus, Cruz argues the intoxilyzer results should be suppressed.

In response, the State argues that the results of the intoxilyzer test should not be suppressed because Cpl. Carrow had probable cause to arrest Cruz for DUI prior to transporting Cruz to Troop 9, despite the fact that he did not administer any field sobriety tests. In support of their argument, the State relies on the fact that Cruz admitted to drinking alcohol, prior to being thrown out of the VFW. The State also contends that Cpl. Carrow detected a strong odor of alcohol emanating from Cruz, while his eyes appeared glassy. Furthermore, the State relies on the fact that Cpl. Carrow observed Cruz commit numerous traffic violations. The State also argues Cruz's talkative and jovial demeanor turned argumentative once Cpl. Carrow initiated the

---

[9] The State established that the intoxilyzer machine was properly calibrated both before and after August 2, 2015, that Cpl. Carrow had been trained to administer the test, and that Cpl. Carrow properly administered the test. There was also no evidence presented indicating that Cruz belched, burped, smoked, ate, or drank during the required observation period.

4

traffic stop. In considering these facts under the totality of the circumstances, the State argues that Cpl. Carrow possessed the necessary probable cause needed to arrest Cruz for driving under the influence of alcohol.

## DISCUSSION

On a motion to suppress, the State bears the burden of establishing that the challenged search or seizure was performed in accordance with the established rights guaranteed to Cruz under the United States Constitution, the Delaware Constitution, and Delaware statutory law.[10] The State must meet this burden by a preponderance of the evidence.[11]

"When a person operates a motor vehicle in Delaware, he is deemed by statute to have given consent to chemical tests, including a test of the breath to determine the presence of alcohol or drugs."[12] Chemical tests, however, constitute a search, and therefore, any individual subject to a chemical test is afforded constitutional protections.[13] Before a police officer can require a driver to submit to any chemical test, the police officer must first establish that he had probable cause to believe that the driver was under the influence of drugs or alcohol while operating a motor vehicle.[14] Section 4177 (c)(11) of Title 21 of the Delaware Code defines "while under the influence" to mean "that the person is, because of alcohol or drugs or a combination of both, less able than the person would ordinarily have been, either mentally or physically, to exercise clear judgment, sufficient physical control, or due care in the driving of a vehicle."[15]

---

[10] *See State v. Matos*, 2001 WL 1398585, at *2 (Del.Super. Aug. 6, 2001).
[11] *Bease v. State*, 884 A.2d 495, 498 (Del. 2005).
[12] *Id.* at 497-98.
[13] *Schmerber v. California*, 384 U.S. 757, 767 (1966).
[14] *Lefebvre v. State*, 19 A.3d 287, 292 (Del. 2011).
[15] Del. Code Ann. Tit. 21 §4177(c)(11).

5

Probable cause is "an elusive concept which . . . lies somewhere between suspicion and sufficient evidence to convict."[16] In a DUI context, probable cause exists when the totality of the circumstances reveal that the arresting officer possessed a "quantum of trustworthy factual information," based upon his observation, training, experience, and investigation, sufficient to warrant a man of reasonable caution to believe a DUI offense has been committed.[17] The fact that hypothetically innocent explanations may exist for facts discovered during an investigation will not preclude a finding of probable cause.[18] A traffic violation combined with the odor of alcohol, by itself, will not meet the threshold required to establish probable cause for a DUI offense.[19] However, a traffic violation or accident, combined with the odor of alcohol, as well as other factors indicating that a person has been drinking alcohol while driving, will meet the requisite threshold to establish probable cause for DUI.[20]

The Delaware Supreme Court has held that an officer may have probable cause to arrest an individual for DUI without administering any field sobriety tests.[21] In *Bease v. State*, the Delaware Supreme Court affirmed a finding of probable cause when the defendant committed a traffic violation, spoke in a rapid manner, smelled of alcohol, exhibited bloodshot and glassy eyes, and admitted to consuming alcohol.[22] The *Bease* court found these factors to be sufficient in establishing the probable cause needed to arrest the defendant and administer an intoxilyzer, even when the evidence of the defendant's failed field sobriety tests were excluded.[23]

---

[16] *State v. Maxwell*, 624 A.2d 926, 929 (Del. 1993).

[17] *Id.* at 931.

[18] *Lefebvre*, 19 A.3d at 293 (citing *State v. Maxwell*, 624 A.2d at 930).

[19] *Esham v. Voshell*, 1987 WL 8277 (Del.Super Mar. 2, 1987).

[20] *See e.g. Stevens v. State*, 129 A.3d 206 (Del. 2015); *Lefebvre v. State*, 19 A.3d 287 (Del. 2011); *Bease v. State*, 884 A.2d 495, 500 (Del. 2005); *State v. Maxwell*, 624 A.2d 926 (Del. 1993); *State v. Iyer*, 2011 WL 976480 (Del.Super Feb. 23, 2011).

[21] *Lefebvre*, 19 A.3d at 293; *Bease*, 884 A.2d at 500.

[22] *Bease*, 884 A.2d at 500.

[23] *Id.*

In *Lefebvre v. State*, the Delaware Supreme Court held that probable cause to arrest for a DUI offense may be found prior to the administration of any field sobriety tests if the totality of the circumstances suggests that the defendant was driving under the influence.[24] In *Lefebvre,* before the officers administered any field sobriety tests to the defendant, they observed the defendant commit a traffic offense, detected a strong odor of alcohol, and saw that the defendant had a flushed face and glassy, bloodshot eyes.[25] The defendant also admitted to consuming alcohol, and was argumentative with the officers.[26] The Court held that these observations alone, absent any Field sobriety tests, constituted a finding of probable cause that a DUI offense had been committed.[27]

In this case, Cpl. Carrow's observations are analogous to the observations witnessed by the officers in both *Bease* and *Lefebvre.* Cpl. Carrow testified that, upon approaching the patrol vehicle, Cruz appeared to be intoxicated because he had glassy eyes, and was emanating a strong odor of alcohol. Cpl. Carrow made these observations while being a mere three feet away from Cruz. Cruz, who Cpl. Carrow described as being talkative and jovial, then proceeded to voluntarily tell Cpl. Carrow that he had been thrown out of the VFW, where he had been drinking alcohol. After this first encounter, Cruz drove in front of Cpl. Carrow and observed Cruz commit multiple traffic violations. When asked to produce documents, Cruz had difficulty doing so. Furthermore, Cruz became argumentative when asked to step out of his vehicle, requesting that he be taken to a hospital to have his "tests" when there appeared to be nothing wrong with him.

---

[24] *Lefebvre*, 19 A.3d at 293.
[25] *Id.*
[26] *Id.*
[27] *Id.*

The Court will consider the following factors to determine whether Cpl. Carrow had probable cause to arrest Cruz: (1) swerving; (2) improper lane changes; (3) an admission to drinking alcohol; (4) an admission to being asked to leave the VFW; (5) an odor of alcohol; (6) glassy eyes; (7) speaking in a talkative and jovial demeanor; (8) difficulty producing documents requested during the traffic stop; and (9) an argumentative attitude during the traffic stop. Based upon these observations and the rational inferences drawn therefrom, a man of reasonable caution would conclude that there was a fair probability to believe Cruz was driving under the influence of alcohol at the time Cpl. Carrow stopped him. Accordingly, under the totality of the circumstances, these factors amount to the probable cause needed to arrest Cruz for suspicion of DUI and subsequently subject him to an intoxilyzer test. Thus, Cruz's motion to suppress is **DENIED**.

## CONCLUSION

For the forgoing reasons, Defendant Jose I. Cruz's Motion to Suppress is **DENIED**. The State has met its burden of proving beyond a reasonable doubt that Cruz was driving under the influence of alcohol, in violation of 21 *Del. C.* § 4177(a), and failure to remain within a single lane, in violation of 21 *Del. C.* §4122(1). Accordingly, the Court finds Defendant Jose I. Cruz **GUILTY**. This Judicial Officer shall retain jurisdiction of this case and will schedule it forthwith for sentencing.

**IT IS SO ORDERED this 27th day of April, 2016.**

Robert Surles,
Judge

8