## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE, )
)
)
v. )
) Case No.1904007960
GARY SEXTON, )
)
Defendant. )

Submitted: November 12, 2019
Decided: February 14, 2020

Brianna M. Mills, Esq.
Deputy Attorney General
820 N. French Street, 8th Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

Thomas A. Foley, Esq.
1905 Delaware Ave
Wilmington, De 19806
*Attorney for Defendant*

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO SUPPRESS

Defendant Gary Sexton ("Sexton") was arrested on April 10, 2019, and charged with driving under the influence of alcohol in violation of 21 *Del. C.* § 4177(a) and overtaking/passing on the right in violation of 21*Del. C.* § 4117(b). On September 10, 2019, Sexton filed the present Motion to Suppress, seeking to suppress evidence obtained following his arrest, including the results of an intoxilyzer test, on the grounds that the detention lacked probable cause.

The Court held a hearing on the Motion on November 12, 2019. At the hearing, the Court heard testimony from one witness, Delaware State Trooper Joseph Joannides. At the conclusion of the hearing, the Court reserved decision. After a review of the record evidence,

applicable law, and arguments presented by the parties, the Court **GRANTS** Defendant's Motion to Suppress.

## FACTS

Officer Joannides, who has worked patrol for the Delaware State Police for 15 years, was the sole witness to testify at the November 12, 2019, suppression hearing. He testified that on the evening of April 10, 2019, he responded to a vehicle collision that had occurred at the intersection of Grubb and Sherwood Roads in Wilmington, Delaware. He arrived at the scene at 8:29 p.m., and found that the drivers involved had pulled off into a nearby shopping center. Delaware State Trooper Fuscellaro was already at the scene and was communicating with Sexton, who was standing outside of his vehicle.

While Officer Fuscellaro was speaking with Sexton, Officer Joannides stood behind him and observed their interactions from a distance of five to ten feet. Initially, Officer Joannides could not detect an odor of alcohol, but when he was approximately one foot away from Sexton and spoke with him directly, he detected a "moderate" odor of alcohol. He described Sexton as polite and cooperative, and observed that Sexton's face appeared "normal," his eyes were watery and glassy, his speech was "good," his dress was not out of order, and he did not have any difficulty maintaining his balance. He noted that Sexton admitted to consuming two glasses of wine, but he could not recall if Sexton specified when he had consumed the wine in relation to the accident. At this stage, he had no knowledge as to the cause of the car accident.

Sexton refused to perform field sobriety tests, but offered to "blow into the machine." Officer Joannides testified that he administered a portable breathalyzer test ("PBT"), and the

1

reading was above the legal limit. Regarding his administering the PBT, Officer Joannides explained that he confirmed the PBT was "functioning properly," but he did not offer any testimony as to its calibration, and he conceded that he could not confirm that he waited the requisite 15-minute observation period before administering the test to Sexton.

## PARTIES' POSITIONS

It is Sexton's position that his arrest was not supported by probable cause. He argues that the Court should not consider the PBT results because the State failed to lay the proper foundation in that Officer Joannides did not testify that the PBT was calibrated and did not comply with the observation period requirement. Sexton contends that, absent the PBT results, there was insufficient probable cause to support his arrest for DUI.

The State concedes the lack of foundation for the PBT, but maintains that even without the PBT results, under the totality of circumstances—namely, the refusal to perform field sobriety tests, car accident, odor of alcohol, watery glassy eyes, and admission to drinking—Officer Joannides had probable cause to arrest Sexton for DUI.

## ANALYSIS

On a motion to suppress, the State is required to provide facts to establish probable cause by a preponderance of the evidence.[1] To meet this standard, the arresting officer must articulate facts when considered in the totality of the circumstances that suggest there is a fair probability that the driver was impaired at the time the driver was operating the vehicle.[2]

---

[1]  *Id.* (citations omitted).
[2]  *Rybicki v.* State, 119 A. 3d 663, 670 (citing *Lefebvre v. State*, 19 A.3d 287, 292-293 (Del. 2011)).

2

It is well-established under Delaware law that for the Court to consider the PBT results when determining whether the officer had probable cause, the State must lay a proper foundation for the PBT. This includes establishing that the PBT was properly calibrated and that the officer followed standard operating procedure in administering the test.[3] In this case, the State failed to introduce any evidence regarding the calibration of the PBT, a deficiency which the State does not contest. Further, the State failed to establish that Officer Joannides waited the required time period before administering the test. Officer Joannides testified he could not recall whether he observed Sexton for the required 15-minute period before the test was administered.[4] Therefore, because a basis was not established, I give little weight to the results of the PBT.

The State contends that the Court should consider Sexton's refusal to perform field sobriety tests as consciousness of his guilt. In support of this argument, the State points to *Church v. State,* a case in which the Delaware Supreme Court held that "[a] defendant's refusal to submit to testing may be used for any relevant purpose, including to show consciousness of guilt."[5] However, this case is distinguish from *Church* because there the defendant refused to take **any** test, including field sobriety tests and chemical tests.[6]

---

[3] *See Miller v. State,* 4 A.3d 371, 374 (Del. 2010); *State v. Beheler,* 2010 WL 2195978, at *4 (Del. Com. Pl. April 22, 2010); *State v. Pasawicz,* 2012 WL 1392564 (Del. Com. Pl. March 16, 2012); *State v. Aldossary,* 2014 WL 12684303 (Del. Com. Pl. April 10, 2014).

[4] In addition to Officer Joannides' concession that he could not confirm whether he waited the required 15-minute period before administering the PBT, Officer Joannides' testimony established that in total, his entire involvement at the scene lasted seventeen minutes; he arrived at 8:29 p.m., and Sexton's arrest occurred at 8:46 p.m.

[5] 2010 WL 5342963, at *2 (Del. Dec. 22, 2010).

[6] *Id.* at *1.

The facts of the present case differ from *Church* in that Sexton did not completely refuse all available tests. This case is more like *State v. Smallwood*, where this Court declined to find consciousness of guilt where there was no "outright refusal" of alcohol tests.[7] In *Smallwood*, the police officer presented the defendant with three options: (1) field sobriety tests; (2) Intoxilyzer test; or, (3) refusal of all tests.[8] The defendant selected the third option, refusal of all tests.[9] This Court found that because the defendant chose one of the three options presented to him, his refusal did not constitute an "outright refusal," therefore the "consciousness of guilt" described in *Church* was not applicable.[10]

Here, Sexton's conduct cannot be categorized as an outright refusal to submit to alcohol-related tests. Although Sexton refused to participate in field sobriety tests, he affirmatively offered to submit to an alternative testing procedure. Upon indicating that he would "blow into the machine," Sexton was offered—and complied with—the PBT test. I find that Sexton's refusal as to the field sobriety tests cannot under the facts constitute consciousness of guilt.

When analyzing the facts in a DUI proceeding, probable cause generally rests on the observations of the arresting officer, thus the Court must determine whether, under the totality of the circumstances, the officer had probable cause to arrest the defendant for DUI.[11] The Delaware Supreme Court has held that a traffic violation and odor of alcohol alone is not sufficient to support a finding of probable cause for a DUI arrest.[12] On the other hand,

---

[7] *State v. Smallwood*, 2012 WL 5869624 (Del. Com. Pl. Nov. 9, 2012).
[8] *Id.* at *1.
[9] *Id.*
[10] *Id.* at *8.
[11] *Lefebvre* v. *State*, 19 A.3d 287, 292-293 (Del. 2011).
[12] *See Rybicki v. State*, 119 A. 3d at 671(citations omitted).

4

probable cause does exist when a traffic violation and odor of alcohol are accompanied by "'rapid speech, admission to drinking, bloodshot and glassy eyes and a failed alphabet test.'"[13] Further, as the State correctly points out, the absence of a PBT reading does not inherently preclude a finding of probable cause.[14]

The State argues that the present case is similar to *State v. Maxwell*, where the Delaware Supreme Court found that, under the totality of the circumstances, probable cause existed to take the defendant into custody.[15] In *Maxwell*, the defendant was involved in a single-vehicle accident.[16] At the scene of the accident, he told witnesses "we were drinking," and the police officer discovered numerous opened and unopened beer containers in and around the defendant's overturned vehicle.[17] One officer also testified that the defendant's eyes appeared glassy, and he presented with a "strong odor of alcohol."[18] There, the Court concluded that these factors, considered as a whole, were sufficient to establish probable cause.[19]

The factors observed and testified to by Officer Joannides are manifestly less than those described in *Maxwell*. First, in *Maxwell*, the defendant was involved in a single-car accident, attributable to his failure to negotiate a left turn.[20] In the present case, the traffic accident was not a single-vehicle collision, and there was no evidence that Sexton caused the accident or otherwise committed a traffic offense. Second, the *Maxwell* defendant's admission to drinking was augmented by the presence of opened beer containers in and around his

---

[13] *Id.* (quoting citing *Lefebvre*, 19 A.3d at 293).
[14] *See Miller*, 4 A.3d at 371; *Bease v. State*, 884 A.2d 495 (Del. 2005).
[15] 624 A.2d 926 (Del. 1993).
[16] *Id.* at 927.
[17] *Id* at 927-928.
[18] *Id.*
[19] *Id.* at 931.
[20] *Id.* at 927.

vehicle.[21] Here, although Sexton admitted to drinking two glasses of wine, Officer Joannides could not testify as to when that consumption occurred, nor did he point to any evidence that could otherwise indicate temporal proximity to the accident. Absent a time marker of when alcohol was consumed, no rational inference can be drawn regarding intoxication.[22] Third, in *Maxwell*, the defendant's interaction with police prior to his blood being tested was relatively limited, but a witness reported that he "appeared dazed."[23] Here, Officer Joannides did not identify any behavioral abnormalities indicative of intoxication. To the contrary, he described Sexton as "polite and cooperative," with a "normal face" and "good speech."

Excluding the results of the PBT and Sexton's refusal to perform field sobriety tests, Officer Joanides articulated the following observations: the two-vehicle accident of undetermined cause, odor of alcohol, glassy eyes, and admission to drinking at an unspecified time. Consistent with well-established Delaware law, this Court finds those factors alone to be insufficient to support a finding of probable cause.[24] The insufficiency is further pronounced viewed under the backdrop of what is absent in this case: there was no evidence of any traffic violation, much less erratic or egregious driving;[25] stumbling;[26] trouble

---

[21]  *Id.* at 927-928.

[22]  *See Bease*, 884 A.2d at 500 (finding probable cause existed based on the officer's "observations and the rational inferences drawn therefrom").

[23]  *Id.*

[24]  *See, e.g., State v. Beheler*, 2010 WL 2195978 (Del. Com. Pl. April 22, 2010)(no probable cause where the defendant committed a traffic violation but was not driving erratically, admitted alcohol consumption, eyes were watery, and breath smelled of alcohol); *State v. Mulholland*, 2013 WL 3131642 (Del. Com. Pl. June 14, 2013)(no probable cause where defendant committed traffic violation, failed one field sobriety test, admitted alcohol consumption, had bloodshot eyes, and odor of alcohol).

[25]  *See Bease*, 884 A.2d. 495; *Miller*, 4 A. 3d 371; *State v. Rothenberg*, 2017 WL 2257381 (Del. Super. May 22, 2017); *State v. Dopirak*, 2017 WL 3129234 (Del. Super. July 4, 2017).

[26]  *See Stevens v. State*, 129 A.3d 206 (Del. 2015); *State v. Zambini*, 2012 WL 4789764 (Del. Com. Pl. Feb. 22, 2012).

balancing;[27] behavioral abnormalities;[28] disheveled appearance;[29] slurred or altered speech;[30] or, flushed oor face.[31]

## CONCLUSION

For the foregoing reasons, I find that the State failed to prove by the preponderance of the evidence that Officer Joannides had probable cause to arrest Sexton for DUI. Accordingly, Sexton's Motion to Suppress is **GRANTED.**

**IT IS SO ORDERED.**

Alex J. Smalls,
Chief Judge

---

[27] *See Guilfoil v. State,* 135 A.3d 78 (Del. 2016)(TABLE); *State v. Oseguera-Avila,* 197 A.3d 1050 (Del. Super. 2018).

[28] *See Church v. State,* 11 A.3d 226 (Del. 2010) (TABLE); *See Bease,* 884 A.2d. 495; *State v. Blood,* 2009 WL 2859047 (Del. Com. Pl. May 13, 2009).

[29] *See Glass v. State,* 1988 WL 61582 (Del. Super. June 13, 1988).

[30] *See Bease,* 884 A.2d. 495.

[31] *See Lefebvre,* 19 A.3d 287 (Del. 2011); *State v. Ford,* 2013 WL 2245006 (Del. Com. Pl. May 22, 2013).