IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRUCE MASON, | § | |
| | § | No. 6, 2020 |
| Defendant Below, | § | |
| Appellant | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 93001218DI(N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 14, 2020
Decided: December 16, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

This 16th day of December, 2020, upon consideration of the parties' briefs and the record below, we find that:

(1) The judgment of the Superior Court, denying Mason's third motion for postconviction relief of his 1994 conviction on several counts of sexual assault, should be affirmed on the basis of and for the reasons stated in the Commissioner's November 25, 2019 Report and Recommendation, as adopted by the Superior Court in its December 12, 2019 Order. In addition to those reasons, we conclude that Mason's reliance on *Fuentes v. Griffin*, 829 F.3d 233 (2d Cir. 2016), an opinion

Mason cited below and in this Court but not addressed by the Superior Court or the State in its answering brief, is misplaced.

(2)     Unlike the *Brady*[1]/due process claim made in *Fuentes*, Mason's claim is that he has recently discovered new evidence—in particular, that his 13-year-old victim was involuntarily committed and treated for mental health issues immediately before and during Mason's trial—that creates a strong inference that he is actually innocent.

(3)     Admittedly, *Fuentes* presents facially similar circumstances; it involved a rape prosecution in which the prosecutor was under a discovery obligation to produce the alleged victim's medical records and in fact produced those records, except for an intentionally withheld psychiatric record.   Ultimately, the Second Circuit concluded that the withholding of the record was a material and prejudicial *Brady* violation.

(4)     We find *Fuentes* to be distinguishable on at least four grounds.  First, *Fuentes* brought his claim as a *Brady*/due process claim and, therefore, it was subject

---

[1] In *Brady v. Maryland*, the Supreme Court of the United States held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963).

to a standard that is different than we apply to new-evidence claims.[2]  Second, *Fuentes* was a consent case; that is, both the defendant and the alleged victim acknowledged that they had engaged in sexual intercourse, but the alleged victim said that it was non-consensual.  Here, because of the victim's young age, consent was not an available defense.  Moreover, the victim in *Fuentes* had made inconsistent statements about the events immediately preceding the intercourse, which heightened the significance of the credibility battle between her and the defendant.  Third, here there is corroborative evidence in the trial record, including the stepbrother's testimony and George English's testimony that Mason told him that the victim had performed oral sex on him.  There were no similar facts in *Fuentes*.  And finally, *Fuentes* involved the intentional suppression of a document within the prosecutor's file; here no such document existed at the time of Mason's trial.  And while this last fact does not make the State's failure to disclose the fact of Mason's victim's involuntary commitment any less of a *Brady* violation, all four of the factors viewed together convince us that we need not adopt the approach taken by the Second Circuit in *Fuentes*.

---

[2] Under Superior Court Criminal Rule 61(d)(2)(i), new-evidence claims are subject to an exacting standard; to warrant relief, the new evidence must create a strong inference of actual innocence. New evidence that is "merely cumulative or impeaching" will not satisfy the "actual innocence" standard.  *Taylor v. State*, 180 A.3d 41, 2018 WL 655627, at *1 (Del. Jan. 31, 2018) (TABLE).  By contrast, evidence that the defense can use to impeach a prosecution witness, by showing bias or interest, is covered by the *Brady* rule.  *Michael v. State*, 529 A.2d 752, 756 (Del. 1987), *abrogated on other grounds by Stevens v. State*, 129 A.3d 206 (Del. 2015).  Here, the new evidence, according to Mason, could have been used to impeach the victim's credibility.  Opening Br. at 20.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment is
AFFIRMED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice