**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1817
_____

LAWRENCE JUSTIN MILLS,
Appellant

v.

PIVOT OCCUPATIONAL HEALTH;
PIVOT PHYSICAL THERAPY;
OSBORNE SOCIAL VENTURES LLC;
KRISTEN CRISPEN; OFFICER DAVID WINCH; and
OFFICER TIMOTHY HADER

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-21-cv-00846)
District Judge:  Honorable Maryellen Noreika

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 27, 2022
Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: December 29, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lawrence Justin Mills, proceeding pro se, appeals from an order of the United States District Court for the District of Delaware granting the motion to dismiss filed by Defendants Officer David Winch and Officer Timothy Hader.[1] For the reasons that follow, we will affirm.

In May 2021,[2] Mills filed this pro se action pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth and Fourteenth Amendments and state-law battery and negligence. Relevant to this appeal, Mills alleged that, in March 2019, Officer Timothy Hader of the Delaware River & Bay Authority pulled Mills over for speeding. Mills alleged that Hader made false statements of fact to establish that he had reasonable suspicion to extend the traffic stop to investigate whether Mills was driving under the influence of alcohol, and Hader provided the same falsified facts to support his request for a search warrant to perform a blood alcohol test. Mills alleged that the extended traffic stop and subsequent blood draw constituted an unreasonable search and seizure under the Fourth Amendment and violated his substantive due process rights under the Fourteenth Amendment. Hader and Winch moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the District Court granted the motion,

---

[1] Defendants Osborne Social Ventures, Pivot Occupational Health, Pivot Physical Therapy, and Kristen Crispen were dismissed by stipulation. See ECF Nos. 8 & 37.

[2] Mills filed the action in the Delaware Superior Court, and it was removed to the United States District Court for the District of Delaware in June 2021.

concluding, in pertinent part, that the Fourth and Fourteenth Amendment claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994).[3] Mills now appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the grant of a motion to dismiss under Rule 12(b)(6) de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (cleaned up).

We agree with the District Court that Mills's constitutional claims were barred by the favorable termination rule in Heck. "In Heck, the Supreme Court held that a § 1983 suit should be dismissed when a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Long v. Atl. City Police Dep't, 670 F.3d 436, 447 (3d Cir. 2012) (cleaned up). Some actions under § 1983, "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." Heck, 512 U.S. at 487. "For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search

---

[3] The District Court also determined that Mills failed to allege Winch's personal involvement, that Hader and Winch were immune from suit under the Delaware Tort Claims Act, and that Winch could not be liable for negligent supervision under state law. Mills does not raise any challenge related to his claims against Winch or the state-law claims on appeal, so we do not consider them. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited claims by failing to raise them in the opening brief).

3

produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." Id. at 487 n.7. "Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful." Id. (cleaned up). Accordingly, a determination of whether Heck applies to a Fourth Amendment claim requires a case-by-case fact-based inquiry into whether the claim implies the invalidity of the underlying conviction or sentence. See Gibson v. Superintendent, 411 F.3d 427, 447–49 (3d Cir. 2005), overruled on other grounds by Dique v. N.J. State Police, 603 F.3d 181, 182 (3d Cir. 2010).

Mills argues that Heck does not bar his claims because the blood draw evidence was not necessary to convict him of reckless driving. Mills argues that other evidence, such as evidence that he was driving at an excessive speed, was adequate to support his conviction, and therefore the conviction was not undermined by his challenges to the validity of the search.

Mills is correct that he was convicted of reckless driving, and that there is no offense of "reckless driving – alcohol related" separate from general reckless driving. See 21 Del. C. § 4175(b); Stevens v. State, 129 A.3d 206, 212 (Del. 2015). Rather, "reckless driving – alcohol related" is a "penalty provision" in the reckless driving statute that applies when a person charged with driving under the influence is permitted to plead guilty to reckless driving. See id. While the alcohol-related penalty provision does not require the same proof of intoxication as alcohol-related offenses like driving under

4

influence, <u>see</u> 21 Del. C. § 4177, it *does* require that the offender's willful or wanton disregard for safety be related to alcohol use for the imposition of the sentence under 21 Del. C. § 4175(b). <u>See</u> <u>Stevens</u>, 129 A.3d at 212.

Success on Mills's claims would necessarily imply the invalidity of his sentence for alcohol-related reckless driving. While the search warrant and other reports suggest that Hader observed other indicia of Mills's intoxication, including erratic driving, the odor of stale alcohol on his breath, glassy eyes, and lethargic movements and speech, Mills maintains that these observations were entirely fabricated and that he exhibited no sign of impairment whatsoever. If Mills succeeded in establishing that this evidence was fabricated, the only remaining evidence suggesting the involvement of alcohol would be the blood evidence obtained through the challenged search. The blood evidence could not have been obtained via an independent source, nor would it have been inevitably discovered. <u>Cf.</u> <u>Heck</u>, 512 U.S. at 487 n.7. Considering that alcohol involvement was the basis for the alcohol-related penalty provision and considering the evidence obtained through the challenged search was integral to establishing the involvement of alcohol, any error in the search would not be harmless. Because success on the Fourth and Fourteenth Amendment challenges would necessarily imply the invalidity of his sentence and because Mills has not shown that his sentence has been set aside, he cannot bring these claims at this time. <u>See</u> <u>Curry v. Yachera</u>, 835 F.3d 373, 379 (3d Cir. 2016).[4]

---

[4] Mills argues that the District Court failed to address part of his Fourth Amendment claim, that Hader lacked reasonable suspicion to extend the stop to search for evidence of

For these reasons, we will affirm the judgment of the District Court.[5]

_____

his intoxication, and instead relied on fabricated evidence to justify the search. However, in its opinion, the District Court summarized Mills's claims, including this one, and concluded that the claims were Heck-barred. See ECF No. 25, pp. 6–7.

Mills also argues that the District Court erred in considering the Fourth and Fourteenth Amendment claims together. However, claims concerning an unconstitutional search and seizure are appropriately considered under the Fourth Amendment, and "when government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate." Berg v. Cnty. of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000). The constitutionality of the search was "governed by the Fourth Amendment rather than due process analysis." Id. at 268–69; see also Cnty. of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (explaining that Fourteenth Amendment analysis is generally inapplicable if the conduct is "covered" by the Fourth Amendment).

[5] Appellants' motion to quash is withdrawn, as requested. See 3d Cir. ECF No. 17, p. 13 n.5. Mills's motion for leave to file supplemental appendix, also construed as a motion to expand the record, is granted, as this Court is permitted to take judicial notice of records from state-court proceedings. See Martin v. Adm'r N.J. State Prison, 23 F.4th 261, 266 n.1 (3d Cir. 2022).